IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERRY LEE KING                                                                                    PLAINTIFF

vs.                                        Civil No. 4:08-cv-04067

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jerry Lee King ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff protectively filed his applications for DIB and SSI on February 16, 2006. (Tr. 51-55). Plaintiff alleged he was disabled due to migraines, hip replacement, and problems with his hip, neck, back, knees, and shoulders. (Tr. 100). Plaintiff alleged an onset date of February 10, 2002.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 66). These applications were initially denied on May 15, 2006 and were denied again on reconsideration on October 13, 2006. (Tr. 40-44).

On November 9, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 31). This hearing was held on July 25, 2007 in Texarkana, Arkansas. (Tr. 350-377). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff, his brother Robert Watson, friend Luther Noble, and Vocational Expert ("VE") Dr. Vance Sales testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a sixth grade education. *See id.*

On February 26, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-23). In this decision, the ALJ determined Plaintiff had met the insured status requirements of the Act through September 30, 2005. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 10, 2002. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diagnosed borderline intellectual functioning; history of bronchitis/COPD(Plaintiff is a smoker); history of reported headache; back pain (from a 1993 tree-fall injury); arm/shoulder pain; and a history of left hip fracture in 1989, status-postreconstructive surgery with evidence of post-operative changes, including bone overgrowth. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 15-21). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 16-20). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift-carry and/or push-pull up to a maximum of 10 pounds, with the ability to sit up to a total of at least 6 hours in an 8-hours, with the ability to stand and/or walk up to a total of at least 2 hours in an 8-hour workday. The claimant can occasionally climb, balance, stoop knell, and/or crawl. Finally, it is noted that the claimant is functionally illiterate with an inability to read and/or write.

(Tr. 15, Finding 5).

The ALJ then determined Plaintiff would be unable to perform his Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 354-360, 372-374). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a production worker in a chicken processing, plywood stacker, tree trimmer-log cutter, and products assembler. (Tr. 21). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform this PRW. (Tr. 21, Finding 6).

However, the ALJ also determined that Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 10). Specifically, the VE testified that Plaintiff would be able to perform work as a simple, small products assembly worker/machine feeder with approximately 1300 such jobs in Arkansas and 97,000 such jobs in the nation, and inspector/sorter/assembly checker with approximately 650 such jobs in Arkansas and

52,000 such jobs in the nation. (Tr. 372-374).  Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, from February 10, 2002 through the date of the ALJ's decision or through February 26, 2008. (Tr. 22, Finding 11).

On February 29, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7-8). *See* 20 C.F.R. § 404.968. On July 14, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On August 4, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 6, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7,8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination of Plaintiff; (B) the ALJ erred by failing to properly evaluate Plaintiff's subjective complaints of pain; and (C) substantial evidence does not support the ALJ's decision that work exists in significant numbers in the national economy. (Doc. No. 7, Pages 1-5). In response, Defendant argues the ALJ properly determined Plaintiff's RFC, the ALJ properly evaluated Plaintiff's subject complaints of pain and substantial evidence supports the ALJ's decision that work exists in significant numbers in the national economy. (Doc. No. 8, Pages 4-16). This Court will address each of Plaintiff's arguments.

**A. RFC**

Plaintiff claims substantial evidence does not support the ALJ's RFC determination. (Doc. No. 7, Page 1). Defendant claims substantial evidence supports the ALJ's RFC determination. (Doc. No. 8, Page 4-12).

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The

6

Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined the Plaintiff had the RFC for sedentary work with occasional climbing, balancing, stooping, crouching, kneeling, and/or crawling. The ALJ also found Plaintiff was functionally illiterate with an inability to read and/or write. (Tr. 15). Substantial evidence supports the ALJ's findings regarding Plaintiff's RFC.

On July 26, 2002, Dr. Bradley Harbin, performed a General Physical Examination regarding one of Plaintiff's previous applications for benefits.[2] This exam supported the ALJ's RFC assessment. (Tr. 18, 197-201). Plaintiff was complaining of hip and knee pain, which began at least ten years earlier, and was aggravated by sitting, driving, and riding for more than thirty minutes. (Tr. 197). However, Plaintiff informed Dr. Harbin he did not take any prescription or over-the-counter medication to relieve this pain. (Tr. 197-198). Dr. Harbin's examination showed normal range of motion in Plaintiff's extremities as well as his lumbar and cervical spine. (Tr. 199-200). Dr. Harbin found no muscle spasm, weakness, or atrophy. Plaintiff's straight-leg-raise test was negative, and

---

[2] Plaintiff applied for SSI at least four times prior to the 2006 application at issue here. (Tr. 58- 60). The record shows that Plaintiff previously applied for SSI on the following dates: July 23, 1992; May 4, 1998; April 9, 2002; and September 22, 2004. (Tr. 58-60, 97).

7

he was neurologically intact. (Tr. 199-200). Dr. Harbin also found Plaintiff was able to sit, stand, walk, and move about as well as lift, carry, and handle objects. (Tr. 201).

On April 18, 2003 Plaintiff was examined by Dr. Patricia Kelly while incarcerated in the Arkansas Department of Corrections. (Tr. 246-249). Dr. Kelly indicated Plaintiff was restricted from assignments requiring overhead work; strenuous physical activity for periods in excess of two hours; handling or lifting of heavy materials in excess of ten pounds; and prolonged crawling, stooping, running, jumping, walking and standing. ( 246-249). The ALJ accounted for Dr. Kelly's restrictions by limiting Plaintiff to sedentary work with only occasional climbing, balancing, stooping, crouching, kneeling, and/or crawling. (Tr. 15).

On February 7, 2005, Plaintiff was examined by Dr. Michael Young. (Tr. 276-281). Plaintiff complained of back, neck, hip, and knee pain, but indicated he did not take any medication to relieve this pain. (Tr. 276). Dr. Young found normal range of motion in Plaintiff's wrists, elbows, shoulders, elbows, and right hand. (Tr. 279). Dr. Young found no muscle atrophy and Plaintiff was able to hold a writing pen, touch his fingertips to his palms, oppose his thumbs to his fingers, and pick up a coin. (Tr. 280).

Further support for the ALJ's RFC determination is found by Dr. R. Cush consultative exam of May 5, 2006. (Tr. 282-288). Plaintiff stated he had a slipped disk in his back, a pinched nerve in his neck causing weak hands, and left hip problems following hip replacement in 1988. (Tr. 282). However, the Plaintiff indicated no physician recommended injections or surgery for these conditions, and he only took Aleve two or three times per day for pain relief. (Tr. 282). Dr. Cush indicated Plaintiff had good range of motion in his neck and had a normal straight-leg-raise. (Tr. 288). Plaintiff's neurological exam was within normal limits with no muscle weakness or atrophy and good gait and coordination. (Tr. 286). Dr. Cush indicated Plaintiff only had mild limitations

8

with walking, standing, and lifting. (Tr. 288).

On October 4, 2007, Plaintiff was examined by Dr. Roshan Sharma for a general physical examination. (Tr. 346-349). According Dr. Sharma, Plaintiff had no restrictions in sitting or standing. (Tr. 343-345, 348). Dr. Sharma also indicated Plaintiff's ability to lift and carry was normal. (Tr. 343-345). Dr. Sharma indicated Plaintiff had full range of motion in his neck and all four extremities. (Tr. 347-348).

On December 4, 2006 Dr. J.C. Arrington completed a "Medical Opinion Re: Ability to do Work-Related Activities (Physical)" (Tr. 343-345). Plaintiff argues Dr. Arrington's findings show the ALJ erred in his RFC determination. Dr. Arrington indicated Plaintiff could lift and/or carry less than ten pounds, and could stand/walk/sit less than two hours during an eight-hour workday. (Tr. 343-345). Dr. Arrington found that Plaintiff could never stoop, crouch, and climb ladders.

A treating physician's opinion is generally given controlling weight, but is not inherently entitled to it. *See Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2006). In addition, the regulations state an ALJ will give a treating physician's opinion controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

The ALJ determined Dr. Arrington's opinion that Plaintiff could not perform the requirements of sedentary work should not be accorded controlling weight because Dr. Arrington did not support his opinion with documented objective clinical findings and diagnostic studies. (Tr. 20-21). The ALJ determined the December 4, 2006, "Medical Opinion Re: Ability to do Work-Related Activities (Physical)" was the only three pages of evidence in the record from Dr. Arrington and this evidence was inconsistent with the clinical observations and findings of several

other physicians, including Dr. Harbin, Dr. Kelly, Dr. Young, and Dr. Cush. (Tr. 18-20, 197-201, 246, 248-249, 270-281, 343-345, 366-367).

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**B. Subjective Complaints**

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

10

determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ outlined the *Polaski* factors, addressed those factors, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 16-21). Specifically, the ALJ noted the following inconsistencies: (1) Plaintiff's medical records did not support the level of impairment Plaintiff alleged, (2) there were significant gaps in Plaintiff's medical treatment history, including no treatment in over a year prior to his filing for benefits in February 2006, (3) Plaintiff's medical records did not support his claimed functional limitations, and (4) evidence shows no prescription medication for pain. These findings are sufficient to satisfy the requirements of *Polaski,* and the ALJ's credibility determination is entitled to deference. *See Lowe,* 226 F.3d at 971-72 (holding that "[w]here adequately explained and supported, credibility findings are for the ALJ to make").

### C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-69.

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

In this case, the ALJ found that Plaintiff experienced nonexertional limitations involving pain and the ability to understand instructions. As a result, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to carry up to ten pounds; an ability to sit for six hours out of an eight hour workday, and stand two hours out of an eight hour workday. The ALJ also limited Plaintiff that he could only occasionally climb, balance, stoop, crouch, kneel, and crawl. (Tr. 15, Finding No. 5).

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 373-374). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 21-22). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 22).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated that jobs existed in

both the national and local economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of August, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE